HERNAIZ v. CRUZ.

APPEAL from the District Court of San Juan.

No. 46.—Decided January 29, 1907.

NULLITY OF PROCEEDINGS TO OBTAIN POSSESSORY TITLE.—The defendant in the case at bar prosecuted a proceeding to obtain possessory title to two different properties, one consisting of 120 and the other of 16 *cuerdas*, which he recorded in his name. The plaintiff asked for the annulment of said proceeding, alleging that he was the owner of more than 52 *cuerdas* of land included within the 120 *cuerdas* involved, and the defendant, acknowledging the right of the plaintiff, maintains that the possessory proceedings should be declared valid and subsistent, as also the record of the same in respect to ·the balance of the estate of 120 *cuerdas* after deducting the number of *cuerdas* belonging to plaintiff; and with respect to the other property consisting of 16 *cuerdas*, that it is not involved in the controversy. *Held:* That the defendant, not being the owner of the said estate of 120 *cuerdas*, the annulment of the proceedings necessarily affected ·the whole property, because, in addition to

other reasons, the respective portions of the two parties not being identified, it would be impossible to declare a partial annulment; and with respect to the parcel of 16 *cuerdas*, it was held that this tract not having been involved in the controversy, the proceeding and the record relating thereto must be declared valid.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for appellant.

*Mr. Sarmiento* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This case began in the District Court of San Juan by a complaint dated the 13th of January, 1904, which it is convenient literally to insert herein, on account of the importance it has for the decision of the pending appeal. It reads as follows:

"I, Antonio Sarmiento y Porras, attorney at law, in the most proper and lawful manner appear before the court in the name of Juan Brígido Rufino and Justo Hernaiz y Ramos, and Concepción and Francisco Hernaiz y Filomeno, in their character as heirs of their legitimate father, Juan Bautista Hernaiz, and beg to state:

"That I bring an action against Prudencio de la Cruz, a resident of Río Piedras, relating to the nullity of possessory proceedings, and that I oppose the conversion of the inscription which was caused by the same, into an inscription of ownership, basing said action on the following facts:

"1. On the 2d of September, 1866, the heirs of José de la Cruz, executed before the notary public of this capital, Mr. Mauricio Guerra, a deed for the division of the inheritance, which consisted of 118 *cuerdas* of land situate in the ward of Sabana Llana, of the municipal district of Río Piedras.

"2. The aforesaid 118 *cuerdas* of land were distributed in said deed, in the following manner:

"Prudencio de la Cruz, an illegitimate son of Polonia and Francisco Luis Coto, the latter of whom is the legitimate husband of the former, received 31 *cuerdas;* María Concepción, Práxedes, Paula, Petrona and Dionisia de la Cruz, received 33¾ *cuerdas;* and 53 *cuerdas* were set aside for *bajas.*

"3. After the division of the 118 *cuerdas* had been made, Juan Bautista Hernaiz, the father of my clients, acquired 90 *cuerdas* of the same, in the following manner:

"(a) Twenty-four *cuerdas* by a public deed, which for 28, was

executed to him on the 14th of September, 1866, by Prudencio de la Cruz, who was authorized to do this, by the deed of division of the inheritance; · said deed being executed before the Notary Public Guerra, on the date above mentioned.

. "(*b*) Thirteen *cuerdas* by a deed, which, before the same. notary public, was executed in his favor by the justice of the peace of Río Piedras, Mr. José Manuel Acosta, on the 2d of September, 1868, as a consequence of the verbal action which Juan Bautista Hernaiz prosecuted against Prudencio de la Cruz and Práxedes, Concepción, Dionisia, Paula and Petrona de la Cruz, in order that they should deliver to him 4 *cuerdas* of land, which, by order of the aforesaid justice of the peace, were segregated from those sold by the previous deed, and 9 *cuerdas* more, which he had purchased from the parties last cited.

"(*c*) Ten *cuerdas* by a deed of purchase executed in his favor by Prudencio de la Cruz before the same notary, Mr. Guerra, on the 24th of January, 1872.

"(*d*) Another parcel of 10 *cuerdas,* which he bought from Francisco Luis Coto, by a deed executed before the same notary public, on the 16th of February, 1872.

"(*e*) Ten *cuerdas* by a deed of the 5th of April, 1872, executed by the judge of the San Francisco district of this capital, Mr. Francisco de P. Acuña, before the same notary public, in proceedings prosecuted against Práxedes, Concepción and Dionisia de la Cruz in order that they should leave the 37 *cuerdas* referred to in the first two acquisitions, at the free disposal of Juan Bautista Hernaiz.

"(*f*) Four *cuerdas* by a purchase made before the justice of the peace at Río Piedras, on the 26th of June, 1872, as testamentary executor of Polonia de la Cruz.

"(*g*) Four *cuerdas*, by a purchase made on the 19th of October, 1874, from Isabel Clemente, who had acquired the same from Polonia de la Cruz.

"(*h*) Fifteen *cuerdas* by purchase from Francisco Luis Coto,. which purchase was made on the 18th of February, 1871.

"4. Notwithstanding these transfers, in the majority of which Prudencio de la Cruz personally intervened, the latter prosecuted in the Municipal Court of Río Piedras, possessory proceedings relating to the entire property as inherited by him from his mother, Polonia de la Cruz, and inscribed in his name the possession of two properties, one of which, consisting of 120 *cuerdas* of land, is situated in the ward

of Sabana Llana, at a site called Honduras being bounded on the east, by the property of Juan José Marién; on the north, by that of Valeriano Benítez; on the south, by lands belonging to the heirs of Vicente Ruiz; and on ¡the west, by the property of Bartolomé Cusso y Salada; while the other is a parcel of land of 16 *cuerdas*, which is situated in the same ward, being bounded on the east and south, by the property of Bartolomé Cusso y Salada; on the north, by the land of Juliana Andino; and on the west, by the property of Laura García. These inscriptions were made in volume No. 100 of register No. 8 of Río Piedras, on folios 199 and 201, properties 423 and 424, first inscriptions.

"5. Recently Prudencio de la Cruz has applied to the municipal court at Río Piedras, requesting the conversion of the inscriptions of possession which were so unlawfully obtained by him, into inscriptions of ownership, and edicts have been published in the *Heraldo Español*, convoking, under date of the 30th of December last, all persons who may believe themselves to be aggrieved by said conversion, in order that they may oppose the same within the term of fifteen days.

"6. Juan Bautista Hernáiz died on the 5th of June, 1876, leaving a will which he had executed before the Notary Public Mauricio Guerra, on the 2d of November, 1872; and by said will, my clients, Juan Brígido, Rufino and Justo Hernaiz y Ramos, born of his marriage with Isidora Ramos; and Concepción and Francisco Hernaiz y Filomeno, who were born of his marriage with Aquilina Filomeno, were made his general heirs.

### "*Legal Grounds.*

"1. Acts executed contrary to the provisions of law, are void except when the law preserves their validity. (Section 4 of the Civil Code.)

"2. To facilitate the inscription in the register of property of the properties whose owners lack a recorded title of ownership, the owners of said properties are authorized to record their right after having previously proven their possession of said properties. (Article 393 of the Mortgage Law.) It is evident that this authorization was only granted to the owners.

"3. In the preparation of the papers necessary for possessory proceedings, the following rules shall be observed:

"First. The document in which the admission of the proceedings is requested, shall contain: * * * (3) The name and surname of

the person from whom the real property or property right has been acquired.

*     *     *     *     *     *     *

"Third. The witnesses   *   *   *   shall limit their testimony to the statement that the person who instituted the proceedings, possesses the estates in his own name.

"4. The possessory proceedings of Prudencio de la Cruz have therefore a defect, which renders the same null and void, inasmuch as it is not true that he is the owner of the lands the possession of which he has proven, nor that he has acquired the same by inheritance from his mother, Polonio de la Cruz; for, he inherited from the latter only 31¼ *cuerdas* together with Francisco Luis Coto.

"5. Prescription, which began to run before the publication of this Code, shall be governed by the prior laws. (Section 1840 of the Civil Code.)

"6. Ownership and other property rights in real property, prescribe by possession for six years, as to persons present and absent, with good faith and with a proper title. (Section 1 of the Judicial Order of the 4th of April, 1899.) Which last two requisites will always be wanting in the ownership which Prudencio de la Cruz desires to inscribe.

"7. The costs shall always be paid by the litigant who loses his case on all points. (Section 63 of General Orders No. 118, Series of 1899.)

"For the reasons stated, I pray the court, that, considering this action as having been properly entered, and considering me as a party to the proceedings that will be instituted, on account of my character as representative of the parties referred to, with which character I appear before the court, the latter be pleased to allow said action, and to order that Prudencio de la Cruz be cited and summoned to appear before the court within a term of 20 days, and to answer the aforesaid action; and I further pray the court, to be pleased to render a final judgment, declaring the possessory proceedings referred to in this action to be completely null and void, and likewise the record, which in consequence of said proceedings was made in the register of property of this capital, and which must be canceled, and denying the application requesting the conversion of the inscription of possession into an inscription of ownership, with the costs against the applicant; as all this is what in justice should be done."

This complaint was answered by the defendant, Prudencio de la Cruz, stating that the facts alleged are not true as regards both the essential and the accidental features of the same; and he denied, for this reason, the truth of said facts, and prayed the court to dismiss the action and definitely to · acquit him of the same.

The trial of the case was proceeded with and prosecuted through all its stages, and the evidence produced by each party, consisting of documentary evidence and the testimony of witnesses, was heard by the court; and on the 31st of January, 1906, the judge pronounced judgment, "being of the opinion that the facts and the law are in favor of the plaintiff, he, therefore, declared the possessory proceedings prosecuted in the Municipal Court of Río Piedras, at the request of the defendant, Prudencio de la Cruz, to be completely null and void; which proceedings were relative to two properties, one of which consisting of 120 *cuerdas* of land, is situated in the ward of Sábana Llana, in a locality called Honduras, Río Piedras, being bounded, on the east, by the property of Juan José Marién; on the north by that of Valeriano Benítez; on the south, by lands belonging to the heirs of Vicente Ruiz; and on the west, by the property of Bartolomé Cusso y Salada; while the other, containing 16 *cuerdas* and situated in the same ward, is bounded on the east and south, by the property of Bartolomé Cusso y Salada; on the north, by the land of Juliana Andino; and on the west, by the property of Laura García; and in the same manner are null and void the inscriptions of possession of said properties which appear in volume 100 of register 8 of Río Piedras, on folios 199 and 201, properties 422 and 423, 424 says the statement first inscriptions, which inscriptions must be canceled in the proper manner, and the prayer to convert the aforesaid inscriptions of possession into inscriptions of ownership is, therefore, denied, with the costs against the defendant; and let a writ of execution be issued for the fulfillment of this judgment, which shall be entered in the judgment book of this court."

From this judgment, the defendant, Prudencio de la Cruz, took an appeal, and the record has been filed in this court, which record contains a statement of the case which had already been prepared, with the amendments introduced by the plaintiffs and which were accepted by the defendant; which statement was approved at the proper time by the judge of the District Court of San Juan.

The said statement briefly sets forth all the evidence heard by the court, which, together with the complaint, the answer and the judgment, must serve us to form an opinion, and to decide this appeal, which has now been submitted to our consideration.

The defendant and appellant, relying more on his own testimony, which was given by him at the trial, than on other data, acknowledges in his written brief before this Supreme Court, that the plaintiffs have proven that they are the owners of 38 *cuerdas* which were sold to them by the defendant himself; of four *cuerdas* which his mother had sold to Isabel Clemente, and of 10 *cuerdàs* which he delivered to the heirs of Hernaiz in order to compromise or settle a suit which Francisco Luis Coto had brought against him, to recover 20 *cuerdas*, which together make a total of 52 *cuerdas*, and deducting these from the 118 *cuerdas* referred to in the complaint, there remain in favor of the appellant 66 *cuerdas*, in regard to which no declaration of nullity should have been made, nor should such declaration have been made with reference to the other parcel of land, of 16 *cuerdas* referred to in the possessory proceedings and the inscription of the same, for no claim was made to this parcel of land in the action referred to. And as the judgment does not recognize this, but on the contrary, declares the possessory proceedings and all the inscriptions to be null and void, he says that, in so far as the 66 *cuerdas* of land possessed by the appellant, are concerned, the judgment from which appeal is taken, has violated section 433 and following sections of the Civil Code; section 394 and corresponding sections of the Mortgage Law, section 24 of the same

law, and the doctrine laid down by this Supreme Court in the case of *José Esteves Torres* v. *Alonso del Río and Ramón Montano;* and that, with regard to the 16 *cuerdas* of land, the aforesaid judgment has infringed the principle that the courts cannot go beyond the prayers of the litigating parties; and for all these reasons he concludes by requesting the court to reverse the judgment from which appeal is taken, and to declare that the 66 *cuerdas* acquired and possessed by Prudencio de la Cruz, and the 16 *cuerdas* to which no claim has been laid in the action, should not have been included in the declaration· of nullity.

The appellee opposed the appeal and the petitions set forth in the brief of the appellant above referred to.

The action is not based on defects of the possessory proceedings, nor do the plaintiffs request the annulment of the record or inscription in accordance with section 30 of the Mortgage Law, for the reason that said inscription lacks the conditions required by section 13 of the same law; but the annulment is requested because the possessory proceedings and the correlative inscription contain a capital defect, which is, that the defendant Prudencio de la Cruz on account of not being the owner of a certain portion of the lands to which the possessory proceedings refer, and which were recorded in his name in the register of property, could under no circumstances perform those acts because they constitute a right which is exclusively reserved to the owner, who lacks a recorded title of ownership (section 393 of the Mortgage Law) and Prudencio de la Cruz knows that he did not possess that character because he himself had sold to Juan Bautista Hernaiz, the father of the plaintiffs, a large portion of the lands in question, and the other parcels were acquired by the said Juan Bautista Hernaiz from individuals who were coheirs of the defendant, Prudencio de la Cruz, in the inheritance from which the lands are derived.

The defendant is not protected by the testimony which was given by him as witness at the trial of the case, when he

stated that he had instituted the possessory proceedings and recorded the lands in his name because he had made an agreement to that effect with Hernaiz, in order that the latter might be able later on, to record in his name, and without any difficulty, certain portions of land which he had purchased from him. But we have said already that this statement does not protect the defendant, Prudencio de la Cruz; for after the death of Hernaiz, he proposed to convert the aforesaid inscription of possession into a record of ownership. He thus attempted to establish a property right which he did not possess, without paying any attention to the heirs of Juan Bautista Hernaiz who now request that justice be done to them.

The documentary evidence of the plaintiffs shows that they are, by purchase, the owners of more than 52 *cuerdas* out of the 118 *cuerdas* of land that were adjudicated to the heirs of José de la Cruz.

The testimony of the defendant is intended to convince the court that said defendant possesses 66 *cuerdas* of land, which apparently were a part of the 118 referred to in the complaint; and another parcel of 16 *cuerdas* which have not been included in this discussion.

The fact is that the record made in the register of property, according to the statement of the case, and according to the complaint itself, treats of two different properties or parcels of lands, that is, one of 120 and another of 16 *cuerdas,* which are numbered in the register of property with the numbers 423 and 424 and the respective boundaries of which are different from each other.

In this suit, the plaintiffs do not seek to obtain a declaration of ownership in their favor, with regard to the lands in question, nor the recovery of said lands because of their retention by the defendant. They only seek to obtain a declaration of nullity of the possessory proceedings instituted by Prudencio de la Cruz, and the inscription of the same in the register of property, and also a declaration denying the petition

of the defendant, Prudencio de la Cruz, to convert the aforesaid inscription of possession into a record of ownership, which conversion had already been requested by him.

Since the question has been presented under such conditions, it is impossible to accede to all that has been requested by the appellant, without doing an injustice to the opposing party.

The defendant, Prudencio de la Cruz, had no right to institute the possessory proceedings, nor to inscribe the possession in his name because he was not the owner of all the 118 or 120 *cuerdas* of land referred to in the complaint, as was acknowledged by himself in the testimony which he gave as a witness on the trial of the case. Consequently, for this capital reason, the possessory proceedings and the subsequent inscription of the 120 or 118 *cuerdas* is null and void, and, consequently, without any force or effect in law.

It would be entirely impossible for us, to declare the said possessory proceedings and correlative inscription to be partly null and void, and partly valid, as is requested by the appellant with regard to the parcel of 118 or 120 *cuerdas* of land, since, besides other reasons, the portions of land purchased by the plaintiffs, have not been properly identified, nor have those portions been identified, which are said by the defendant to belong to him, and to be in his possession at the present time. The inscription, in so far as this property is concerned, has a defect of nullity, and the complaint refers to the same in a positive and definite manner. The dèclaration of nullity must, therefore, refer to this entire property, for, as we have said before, it is not easy, in view of the record which we are examining, exactly to determine the location of the lands of the plaintiffs, or that of those which are said by the defendant to be in his possession, nor do we believe that it is possible for the registrar of property, to make an exact and perfect distinction between the two properties, that is, clearly to distinguish the one from the other.

But we are also obliged to observe the proper congruence between that which has been requested and that which is to be granted.

The complaint does not affect in any way the parcel of 16 *cuerdas,* referred to in the possessory proceedings, and which were inscribed in his name by the defendant, Prudencio de la Cruz. This property appears in the register of property with a different number, and with boundaries which are different from those of the other property above mentioned. It has not been a subject of controversy, and we must at the present time presume that Prudencio de la Cruz is the owner, and that because he had no recorded title of ownership he inscribed in his name the possession of said land in the register of property. In regard to this property it has not been shown that there is the same defect of nullity, and so far as this parcel of land is concerned, the possessory proceedings and the subsequent inscription of possession must be declared to be valid and effective.

We are, therefore, of the opinion that the possessory proceedings, in so far as the property of 120 *cuerdas* and the inscription of the same in the register of property is concerned, should be declared to be null and void, and that the possessory proceedings relating to the property or parcel of land of 16 *cuerdas,* and the inscription of the same should be declared to be valid, and that it should be set forth in the judgment to be rendered without special imposition of the costs of the proceedings in the court below or of this appeal.

*Accordingly decided.*

Chief Justice Quiñones and Justice Hernández concurred.

Mr. Justice Wolf did not take part in the decision of this case.